UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDERSON; and LORI ANDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2006-2. ASSET-BACKED CERTIFICATES. SERIES 2006-2; FREMONT INVESTMENT & LOAN; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, aka "MERS"; WESTERN PROGRESSIVE, LLC; AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | No. 2:19-cv-0336 KJM DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Anthony Anderson and Lori Anderson are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiffs' complaint and motions to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1-3.) Therein, plaintiffs argue that the defendants do not have a security interest in plaintiffs' property and, therefore, cannot foreclose. (Compl. (ECF No. 1) at 6.)

1

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiffs' complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiffs' complaint be dismissed without prejudice.

**I.      Plaintiffs' Application to Proceed In Forma Pauperis**

Plaintiffs' in forma pauperis applications fail to answer any of the stated questions and are merely signed and dated by the plaintiffs. (ECF Nos. 2 & 3.) In the absence of the requested information, the undersigned cannot say that plaintiffs have made the financial showing required by 28 U.S.C. § 1915(a)(1). Moreover, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous

////

where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court, as explained by Rule 8 of the Federal Rules of Civil Procedure ("Rules"), are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II. Plaintiffs' Complaint**

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

////

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, the complaint asserts only state law causes of action—three violations of the California Civil Code, quiet tile, cancelation of instruments, and violation of California Business & Professions Code § 17200, *et seq*. (Compl. (ECF No. 1) at 1.) In this regard, the complaint does not allege a federal question.

////

4

Moreover, plaintiffs are allegedly residents of California, while defendants Deutsche Bank National Trust Company and Freemont Investment & Loan are alleged to be "doing business within the State of California" and "based in Brea, California" respectively. (Id. at 2.) The complaint also alleges that defendant Western Progressive, LLC is a "company in California." (Id. at 2-3.) No further information is provided with respect to the citizenship of these defendants. In this regard, it does not appear from the complaint that there is complete diversity between the parties.

**III.  Leave to Amend**

For the reasons stated above, plaintiffs' complaint should be dismissed. The undersigned has carefully considered whether plaintiffs may amend the complaint to state a claim over which the court would have subject matter jurisdiction. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, although service of the complaint was not authorized, defendants filed a motion to dismiss on March 15, 2019, and noticed the motion for hearing before the undersigned on May 17, 2019.[1] (ECF Nos. 6 & 10.) Defendants' motion to dismiss argued that "Plaintiffs cannot establish complete diversity because Deutsche Bank National Trust Company ("DBNT") is domiciled in California." (ECF No. 7. at 12.)

On April 18, 2019, plaintiffs filed an opposition to defendants' motion to dismiss. (ECF No. 11.) Plaintiffs' opposition, however, fails to address defendants' argument with respect to diversity. Nor does it appear that plaintiffs could. See generally Sandoval v. Deutsche Bank National Trust Company, Case No. CV 12-2897 DMG (AGRx), 2012 WL 12878593, at *1 (C.D. Cal. June 5, 2012) ("As alleged, Plaintiff and Defendants Deutsche Bank National Trust Company and Regional Service Corporation are all California citizens."); Eckerle v. Deutsche

---

[1] Because defendants' motion to dismiss is premature, and in light of these findings and recommendations, defendants' motion to dismiss will be denied without prejudice to renewal.

5

Bank Nat. Trust, Civ. No. 10-0474 SOM-BMK, 2010 WL 3984687, at *1 (D. Hawaii Sept. 17, 2010) ("DBNT is a national banking association with its principal place of business in California").

Accordingly, the undersigned finds that granting plaintiffs leave to amend would be futile.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendants' March 15, 2019 motion to dismiss (ECF No. 6), as amended (ECF No. 10), is denied without prejudice to renewal; and

2. The May 17, 2019 hearing of defendants' motion is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff Anthony Anderson's February 26, 2019 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff Lori Anderson's February 26, 2019 application to proceed in forma pauperis (ECF No. 3) be denied;

3. The February 26, 2019, complaint (ECF No. 1) be dismissed without prejudice; and

4. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 13, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/anderson0336.dwop.f&rs